UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

BRADLEY TERRY,

    Plaintiff,
vs.

ROYAL CARIBBEAN CRUISES LTD.,
A LIBERIAN CORPORATION,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, BRADLEY A. TERRY, by and through his undersigned attorney, and sues the Defendant, ROYAL CARIBBEAN CRUISES, LTD., A LIBERIAN CORPORATION, (hereinafter referred to as RCCL) and alleges as follows:

1. That at all times material hereto, the Plaintiff, BRADLEY A. TERRY, was a resident of Midway, Utah.

2. That at all times material hereto, the Defendant, RCCL, was a foreign corporation with its principal place of business in Miami, Florida.

3. That this is an action for damages which are in excess of Seventy-Five Thousand ($75,000.00) Dollars.

4. That this Court has diversity jurisdiction pursuant to 28 USC 1332.

5. That in the alternative, this is an action which arises out of the General Maritime

Law and this Court has original jurisdiction pursuant to 28 USC 1333.

6.  That at all times material hereto, the Defendant, RCCL, was the owner/operator of the cruise vessel INDEPENDENCE OF THE SEAS.

7.  That on or about May 20, 2015, the Plaintiff was a passenger on said cruise vessel.

8.  That on or about May 20, 2015, the ship was docked in Ocho Rios, Jamaica.

9.  That the Plaintiff had pre-purchased from the Defendant, RCCL, a shore excursion which included climbing Dunn's River Falls.

10. That while participating in the climb up Dunn's River Falls, the Plaintiff, who was attempting to assist another climber who was struggling and alone, slipped and fell and sustained serious injuries more fully set forth below.

11. That at all times material hereto, the Defendant owed a duty to exercise reasonable care for the safety of its passengers, including the duty to warn its passengers of dangers both on the ship and ashore, about which it has actual or constructive knowledge, when it is foreseeable that the passengers will be exposed to said dangers.

12. That the defendant, RCCL, represented on its website that its shore excursions used "knowledgeable and experienced guides" and adhered to the "highest standards in the industry."

13. That the instructions given to the passengers climbing Dunn's River Falls were contrary to accepted climbing practices and increased the risk of injury to the passengers.

14. That there was an insufficient number of guides available to passengers climbing Dunn's River Falls and/or the guides were incompetent or inattentive and this increased the risk of injury to the passengers.

15. That the guides at Dunn's River Falls were more concerned about selling pictures, videos and soliciting tips than they were about the safety of the climbers.

16. That there had been numerous incidents involving RCCL passengers which resulted in injuries and which occurred prior to the Plaintiff's incident.

17. That there had been numerous complaints and/or comments on social media and internet sites regarding the dangerous practices at Dunn's River Falls and resulting injuries about which the defendant RCCL was aware prior to the Plaintiff's injury due to its monitoring of these sites.

18. That the defendant knew or in the exercise of reasonable care should have known about the dangers to which it was exposing its passengers as a result of the factors set for in paragraphs 12-16 of this Complaint.

19. That the defendant, RCCL, was negligent in one or more of the following ways:

   (a) In failing to use reasonable care to investigate and/ or vet the manner in which the shore excursion to Dunn's River Falls was conducted;

   (b) In failing to warn its passengers about the dangers of the Dunn's River Falls climb, about which it had knowledge superior to that of the Plaintiff;

   (c) In failing to require that changes be made to the manner in which the excursion was conducted despite knowledge of numerous prior incidents resulting in injuries;

   (d) In continuing to expose its passengers to dangers associated with the excursion, about which it knew or should have known prior to the Plaintiff's incident;

   (e) In continuing to promote and advertise its shore excursions,

including Dunn's River Falls, as using knowledgeable and experienced guides, and adhering to the highest industry standards when it knew or should have known that said statements were not true;

(f) In continuing to sell the Dunn's River Falls excursion to its passengers despite prior knowledge that there was a risk of injury associated with the methods employed by the tour guides.

20. That as a direct and proximate result of the negligence of the defendant, RCCL, as heretofore described, the Plaintiff, BRADLEY TERRY, suffered serious bodily injuries, resulting pain and suffering, aggravation of a pre-existing condition, physical and mental, scarring and disfigurement, is obligated to pay and continue to pay medical bills for treatment of said injuries, lost income and his earning capacity was impaired, lost the capacity for the enjoyment of life.  The losses are permanent and continuing in nature and Plaintiff will continue to suffer same in the future.

WHEREFORE, Plaintiff demands judgment for damages against the Defendant for all compensatory damages allowable by law, together with costs, prejudgment interest, and any other relief deemed just and appropriate by this Honorable Court, and demands trial by jury.

WAKS & BARNETT, P.A.
Counsel for Plaintiff
9900 SW 107th Ave., #101
Miami, FL  33176
Tel: (305) 271-8282
Fax: (305) 595-9776
E-mail: waksbar@aol.com

By: */s/ Joel M. Barnett*
　　　JOEL M. BARNETT
　　　　FBN: 241350